Matter of Essex County Dept. of Social Servs. v Kubik (2019 NY Slip Op 09331)





Matter of Essex County Dept. of Social Servs. v Kubik


2019 NY Slip Op 09331


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527106

[*1]In the Matter of Essex County Department of Social Services, on Behalf of Darlene Effie Hart, Respondent,
v
David A. Kubik, Appellant.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Noreen McCarthy, Keene Valley, for appellant.
Essex County Department of Social Services, Elizabethtown (David D. Scaglione of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Family Court of Essex County (Meyer, J.), entered July 5, 2018, which, in a proceeding pursuant to Family Ct Act article 4, granted petitioner's application to revoke a suspended sentence.
Family Court issued an order finding that respondent had willfully violated a prior order of child support and ordered, among other things, that he be committed to county jail for 120 days and that said commitment be suspended. No appeal was taken from that order. Respondent failed to remain current with his payments and, in March 2018, petitioner filed a petition and, among other things, requested that Family Court revoke the suspension and impose the 120-day jail sentence. After a hearing, Family Court directed respondent to serve 120 days in jail absent a payment of $21,565.11 to petitioner's Support Collection Unit.
As respondent has served this sentence in full, the appeal is moot (see Matter of Holt v Greiner, 167 AD3d 1271, 1271 [2018]; Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 24 AD3d 1050, 1050 [2005], lv denied 6 NY3d 713 [2006]). To the extent that respondent argues that the appeal is not moot because Family Court "effectively and improperly" made a willfulness finding, this argument is belied by the record, as the court made no such finding, but instead merely revoked the suspension and imposed the jail sentence (see Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 24 AD3d at 1050; compare Matter of St. Lawrence County Support Collection Unit v Chad T., 124 AD3d 1031, 1031 [2015]).
Garry, P.J., Clark, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.